**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David H. Cheren; Catherine A. Conrad Cheren,<br><br>Plaintiffs,<br><br>v.<br><br>Compass Bank; BBVA Compass Bank; and Does 1 through 10,<br><br>Defendants. | No. CV-12-00206-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant[1] Compass Bank's Application for Attorneys' Fees Related to Plaintiffs' Motions for Sanctions (Doc. 25) and Plaintiffs' Request for Reconsideration (Doc. 26).

**I.     BACKGROUND**

On March 23, and on July 24, 2012, Plaintiffs filed three separate but identical motions for sanctions against Defendant (Docs. 14, 15, 19) because Defendant argued that a contract did not exist in this case in its motion to dismiss (Doc. 12). In opposing Plaintiffs' motions for sanctions, Defendant requested that the Court award its attorneys' fees expended in responding to Plaintiffs' motions. (Doc. 17 at 9). Defendant requested an amount of $1,000 or such other amount as the Court deemed appropriate. (*Id*.). The Court granted Defendant's request for attorneys' fees and explained the basis for granting

---

[1] As Defendant, Compass Bank, has explained in a prior Motion, Defendants are a single entity for purposes of this order. (Doc. 12 at 1).

Defendant's request in the Order granting Defendant's motion to dismiss. (Doc. 24 at 11-14).

Following the Court's Order, Defendant filed its Application for Attorneys' Fees justifying the actual attorneys' fees incurred in responding to Plaintiffs' motion and the amount Defendant has agreed to pay its counsel. (Doc. 25 at 1). Defendant has agreed to pay counsel $5,955.50. (*Id.*). Plaintiff then filed the pending Request for Reconsideration, asking the Court to reconsider the award of attorneys' fees. (Doc. 26).

## II.   ANALYSIS

### A.   Plaintiffs' Motion for Reconsideration (Doc. 26)

Plaintiffs initially argue that they filed only one motion for sanctions. (*Id.* at 1). While all three motions for sanctions were identical, Plaintiff explains that the second motion for sanctions (Doc. 15) was filed in error and that the third motion for sanctions (Doc. 19) was filed "[a]fter a considerable time had passed and no notice of a hearing came from the Court." (Doc. 26 at 2). The result of filing three separate but identical motions is irrelevant to this Court's analysis and decision. The Court's award of attorneys' fees was based on Defendant's sole response to all three motions (Doc. 17).

Plaintiffs go on to argue that their Rule 11 motion was well founded and ask the Court to reconsider the award of attorneys' fees. (Doc. 26 at 2). Plaintiffs have not cited any procedural rule or case law to justify their request.

Plaintiff's motion is for reconsideration of an interlocutory order because no judgment has been ordered in this case. This court has adopted the following standards on which motions for reconsideration will be granted for interlocutory orders:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
>
> (2) There are new material facts that happened after the Court's decision;
>
> (3) There has been a change in the law that was decided or enacted after the Court's decision; or

> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.
>
> No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion.

*Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Plaintiffs urge reconsideration on the ground that Defendant filed its motion to dismiss while it knowingly denied that a contract existed. (Doc. 26 at 2). Plaintiffs claim that their attached declaration proves that a contract existed. (*Id*.). Plaintiffs do not point out what parts of the fifty page declaration and attached documents serve as proof. Nevertheless, even if the Court were to cull Plaintiffs' declaration in order to verify Plaintiffs' claim for them, the Court would still deny Plaintiffs' motion for reconsideration because Plaintiffs have failed to meet any of the standards set out in *Motorola*.

Plaintiffs have failed to show that there are any material differences in fact or law from those presented to the Court that could not have been known to Plaintiffs at the time of the Court's Order. Plaintiffs' declaration and the attached documents (Doc. 26 at 4-53) were known to Plaintiffs when the Court granted Defendant's motion to dismiss (Doc. 24). Further, Plaintiffs have claimed neither that new material facts have happened nor that there has been a change in the law following the Court's decision. Finally, Plaintiffs have failed to make a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

Plaintiffs merely repeat in their motion for reconsideration the same arguments they made in their motion for sanctions. Plaintiffs argued in their motion for sanctions that "Defendant, at all relevant times, knew the allegations in support of the Motion [to dismiss] were untrue, that the Complaint contained all necessary allegations; that Defendant's own documents showed that a contract had been entered into; and, that all necessary elements claimed missing from the Complaint were, in fact, contained within

the [Complaint]." (Doc. 14 at 5). Plaintiffs then re-argued in their motion for reconsideration that "Defendants . . . knew that their factual allegations [in the motion to dismiss], i.e., that the essential elements of a contract . . . did not exist, were simply not true statements and were not supported by any evidence. That their statements were false and was [sic] known to be false by the Defendants when such allegations were made." (Doc. 26 at 2). The Court has already addressed this claim by Plaintiffs and will not endeavor to explain its conclusion again. *See* (Doc. 24 at 11-14).

### B. Defendant's Application for Attorneys' Fees (Doc. 25)

In its Response to Plaintiffs' Motion for Sanctions, Defendant requested the Court award attorneys' fees expended in responding to Plaintiffs' motion in the amount of $1,000. (Doc. 17 at 9). The Court then awarded this amount to Defendant pending the filing of an application for attorneys' fees to justify this amount. (Doc. 24 at 13). Defendant has filed its application justifying up to $5,955.50. (Doc. 25 at 1). Because Defendant originally requested $1,000 and the Court awarded $1,000 to Defendant, and further because Defendant has justified at least this amount, the Court now orders Plaintiffs to reimburse Defendant $1,000 for forcing Defendant to defend against Plaintiffs' frivolous motion for sanctions.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 26) is denied.

**IT IS FURTHER ORDERED** that Defendant's Application for Attorneys' Fees (Doc. 25) is granted: the Court awards Defendant $1,000.00 in attorneys' fees.

Dated this 24th day of June, 2013.

James A. Teilborg
Senior United States District Judge