WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David H. Cheren; Catherine A. Conrad Cheren,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>Compass Bank; BBVA Compass Bank; and Does 1 through 10,<br><br>　　　　　　　Defendants. | No. CV-12-00206-PHX-JAT<br><br>**ORDER** |

Pending before the Court is a Motion for Award of Attorneys' Fees pursuant to Federal Rule of Civil Procedure 54(d)(2) and Local Rule of Civil Procedure 54.2, submitted by Compass Bank, an Alabama banking corporation doing business as BBVA Compass ("Compass Bank").

**I.　Background**

In 2012, Plaintiffs David H. Cheren and Catherine A. Conrad Cheren ("Cheren") filed a Complaint alleging that Compass Bank breached a mortgage contract and the contract's implied covenant of good faith and fair dealing. (Doc. 1 at 7–8). On November 2, 2012, this Court dismissed Cheren's complaint because he had failed to allege facts sufficient to show a valid mortgage contract under Arizona law. (*See* Doc. 24 at 10). But, the Court granted leave to amend. (*Id.* at 14). Additionally, in the same Order, the Court denied Cheren's three motions for sanctions and granted Compass Bank's request for $1,000 in attorneys' fees for defending against the motions for

sanctions. (*Id.*). Cheren filed a First Amended Complaint as a result of this Order. (Doc. 27).

On June 24, 2013, the Court issued an order denying Cheren's motion for reconsideration of the grant of attorneys' fees. (Doc. 37). Additionally the Court refused Defendant's request that the Court increase its award of attorneys' fees to $5,955.50. (*Id.*).

Consistent with the Court's November 2, 2012 Order, Cheren filed a First Amended Complaint. On August 21, 2013, the Court dismissed Cheren's First Amended Complaint with prejudice. (Doc. 38). As part of his amended complaint, Cheren presented to the Court documents showing a "conditional approval" of a mortgage loan and documents related to the escrow procedures for the purchase of a condominium. (*Id.* at 1–3). However, Cheren failed to produce, or allege the existence of, an actual signed mortgage contract. (*Id.* at 6–10). Thus, the Court again determined that Cheren had failed to allege sufficient facts to show that a mortgage contract existed under Arizona law. (*Id.* at 10). The pending Motion for Award of Attorneys' Fees followed.

**II.   Analysis and Conclusions**

Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). Here, Cheren's Complaint and First Amended Complaint both alleged that Compass Bank breached a contract and violated its duty of good faith and fair dealing arising out of that contract. (*See* Doc. 1; Doc. 27). Thus, the action "arose out of a contract" and attorneys' fees are permitted. *See Berthot v. Sec. Pac. Bank of Arizona*, 823 P.2d 1326, 1332 (Ariz. App. 1991) (holding that under Arizona law, a successful party to a breach of contract action can recover his or her attorney's fees even if the result is that there was not a valid contract) (*superseded by statute on other grounds*). Accordingly, the Court will consider whether awarding fees is appropriate in this case and whether the requested fees are reasonable.

### A.     Appropriateness of a Fee Award

In deciding whether to grant attorneys' fees, Arizona law requires the Court to consider six factors. *See Wilcox v. Wildman*, 744 P.2d 444, 450 (Ariz. Ct. App. 1987). The Court must weigh all the factors and no particular factor is dispositive. *Id.* These six factors are: (1) "[t]he merits of the claim or defense presented by the unsuccessful party"; (2) "[t]he litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result"; (3) "[a]ssessing fees against the unsuccessful party would cause an extreme hardship"; (4) "[t]he successful party did not prevail with respect to all of the relief sought"; (5) "the novelty of the legal question presented and whether such claim or defense had previously been adjudicated in this jurisdiction"; and (6) "whether the award in any particular case would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees." *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985). The Court will now turn to an examination of these factors.

#### 1.     The merits of the claim or defense presented by the unsuccessful party

Here, Cheren's First Amended Complaint was with dismissed with prejudice because he failed to allege sufficient facts to show that a mortgage contract existed under Arizona law. (Doc. 38 at 10). Thus, Cheren's complaint lacked sufficient merit to survive a motion to dismiss. Accordingly, the Court finds that this factor weighs in favor of granting attorneys' fees.

#### 2.     The litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result

Here, Compass Bank's efforts, specifically the two motions to dismiss, directly resulted in the success of Compass Bank in this case. Further, as Compass Bank is the defendant in this action, they could not have "avoided" the lawsuit because Cheren initiated the law suit. Accordingly, the Court finds that this factor weighs in favor of

granting attorneys' fees.

### 3. Assessing fees against the unsuccessful party would cause an extreme hardship

In a sworn statement, David Cheren argues that the imposing attorneys' fees would be an extreme hardship because his only source of income is Social Security and disability insurance payments. Further, David Cheren argues that "as a result of the recent recession [Cheren and his wife] have lost [their] home in a 'short sale,' do not own any real estate, have little equity in either of [their] 2 vehicles, have no savings or retirement funds and have no source or expectation of income." Finally, David Cheren states that he will be forced to declare bankruptcy if the Court grants Compass Bank's Motion for Attorneys' Fees.

In reply, Compass Bank argues that David Cheren, in his 2011 loan application to Compass Bank, reported that he had a net worth of $4,012,000 and a monthly income of $47,717.76. However, Compass Bank provides no citations to the record in support of these statements. Accordingly, the Court will accept the truth of David Cheren's sworn statement and finds that this factor weighs in favor of denying attorneys' fees.

### 4. The successful party did not prevail with respect to all of the relief sought

Here, the Court dismissed all the counts of Cheren's First Amended Complaint with prejudice. Thus, Compass Bank was completely successful in the litigation. Accordingly, the Court finds that this factor weighs in favor of granting attorneys' fees.

### 5. The novelty of the legal question presented and whether such claim or defense had previously been adjudicated in this jurisdiction

Cheren's Complaint and First Amended Complaint pleaded claims for breach of contract and the implied covenant of good faith and fair dealing. Those claims are not novel to Arizona law. *See e.g. K-Line Builders, Inc. v. First Federal Sav. & Loan Ass'n*, 677 P.2d 1317, 1320 (Ariz. Ct. App. 1983) (examining the requirements for an enforceable contract); *Kuehn v. Stanley*, 91 P.3d 346, 354 ¶¶ 29–30 (Ariz. Ct. App. 2004)

(examining the covenant of good faith and fair dealing in contracts). Accordingly, this factor weighs in favor of granting attorneys' fees.

### 6. Whether the award in this case would discourage other parties with tenable claims

Here, Cheren attempted to bring a claim for breach of contract by creating a "contract" out of documents that clearly only granted "conditional approval." (Doc. 38 at 1–3). Thus, granting attorneys' fees in this case will not discourage parties with actual contracts from bringing claims. Accordingly, the Court finds that this factor weighs in favor of granting attorneys' fees.

Having examined all of the factors, the Court finds that five out of six factors weigh in favor of granting attorneys' fees. Accordingly, the Court concludes that attorneys' fees are justified in this case. The Court will now examine whether the requested fee is reasonable.

### B. Reasonableness of Fee Award

The Court may award the successful party in a contract action reasonable attorneys' fees. A.R.S. § 12–341.01(a). When analyzing attorneys' fees for reasonableness, the Court must determine that: (1) the hourly billing rate is reasonable; and (2) the hours expended on the case are reasonable. *Schweiger v. China Doll Rest., Inc.,* 673 P.2d 927, 931–32 (Ariz. Ct. App. 1983). This Court's Local Rule lists 12 factors that courts should consider when determining whether the amount of attorneys' fees is reasonable. L. R. Civ. 54.2(c)(3). These factors are:

> (A) The time and labor required of counsel;
> (B) The novelty and difficulty of the questions presented;
> (C) The skill requisite to perform the legal service properly;
> (D) The preclusion of other employment by counsel because of the acceptance of the action;
> (E) The customary fee charged in matters of the type involved;
> (F) Whether the fee contracted between the attorney and the client is fixed or contingent;
> (G) Any time limitations imposed by the client or the circumstances;
> (H) The amount of money, or the value of the rights, involved, and the results obtained;
> (I) The experience, reputation, and ability of counsel;

          (J) The "undesirability" of the case;
          (K) The nature and length of the professional relationship between the attorney and the client;
          (L) Awards in similar actions; and
          (M) Any other matters deemed appropriate under the circumstances.

*Id*. Once a party submits an itemized list of fees with sufficient detail and establishes entitlement to fees, the burden then shifts to the party challenging the fees to show that the fees are unreasonable. *See Nolan v. Starlight Pines Homeowners Ass'n,* 167 P.3d 1277, 1286 ¶ 38 (Ariz. Ct. App. 2007).

      Here, Compass Bank has submitted an itemized list of fees for this case, (Doc. 41 at Ex. C), along with explanations for why the fees sought are reasonable under Local Rule 54.2. (Doc. 41 at 8–10). The burden therefore shifts back to Cheren to show that these fees are unreasonable. *See Nolan,* 167 P.3d at 1286 ¶ 38. In his response to the motion for attorneys' fees, Cheren does not argue that the fees are unreasonable in any way. (*See* Doc. 42). Accordingly, the Court finds that the fees requested are reasonable in this case.

### III.  Conclusion

      Accordingly,

      **IT IS ORDERED** that Compass Bank's Motion for Award of Attorneys' Fees (Doc. 40) is granted; Compass Bank is awarded attorneys' fees in the amount of $40,432.50 from Plaintiffs.

      Dated this 17th day of December, 2013.

_____
James A. Teilborg
Senior United States District Judge